UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**M. Rodney E. Jones**, # 244189 (*aka* Rodney M. Jones *or* Rodney E. Jones *or* Rodney Jones),

Plaintiff,

vs.

**Jon Ozmint**, Director of SCDC;
**Willie Eagleton**, Warden of Evans Correctional Institution;
**Mark Sanford**, Governor of South Carolina;
**NFN Graham**, Lieutenant at Lee Correctional Institution;
**Michael Matthews**, Director of SCDC Classification;
**SCDC Inspector General Director**;
**Stan Burtt**, Warden of Lieber Correctional Institution;
**George Roof**, Director of SCDC Security;
**Robert Ward**, Director of Operations for SCDC;
**John Ferrard**, Assistant Director of SCDC Security;
**David Tatarsky**, General Counsel of SCDC;
**Robert Petersen**, General Counsel of SCDC;
**SCDC Inmate Grievance Branch Chief**;
**Debra G. Barnwell**, Director of SCDC Internal Affairs;
**Internal Affairs Officer at McCormick Correctional Institution**;
**Internal Affairs Officer at Lieber Correctional Institution**;
**Colie Rushton**, Warden of McCormick Correctional Institution;
**NFN Davis**, Lieutenant at Evans Correctional Institution;
**Leroy Cartledge**, Associate Warden of McCormick Correctional Institution;
**Scott Lewis**, Major at McCormick Correctional Institution;
**F. Parker**, of McCormick Classification;
**NFN Bush**, Captain at McCormick Correctional Institution,
**Linda F. Sanders**, Disciplinary Hearing Officer (DHO) at McCormick Correctional Institution;
**David Patterson**, Director of SCDC Inmate Records;
**NFN Young**, of McCormick Correctional Institution Mailroom;
**NFN Smith**, of McCormick Correctional Institution Mailroom;
**NFN Martin**, Correctional Officer at SMU Mailroom;
**NFN Gilcrest**, Lieutenant at McCormick Correctional Institution SMU;
**NFN McCary**, Sergeant and Contraband Officer at McCormick Correctional Institution; and
**NFN Campbell**, Correctional Officer at McCormick Correctional Institution,

Defendants.

**C/A No. 3:05-2743-MBS-JRM**

**Report and Recommendation**

[text begins on following page]

# ***Background of this Case***

The plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). All but one of the defendants are officials or employees of the South Carolina Department of Corrections. Mark Sanford is the Governor of South Carolina.

In the complaint, the plaintiff states that he "'fears for his life' which is in jeopardy under the custody and control of McCI officials based on all of the Reason's [sic] which have compel [sic] Petitioner [sic] to seek Judicial Review/Relief/and Protection from this Honorable U.S. District Court for the District of South Carolina." (Complaint, at pages 1-2). The plaintiff also alleges that officials at the McCormick Correctional Institution and at SCDC Headquarters have not responded to his grievances within seven days. An exhibit appended to the complaint indicates that the SCDC Inmate Grievance Branch on August 3, 2005, gave itself an extension of time to address the plaintiff's grievances.

In his prayer for relief, the plaintiff seeks: (1) a transfer from the McCormick Correctional Institution; (2) "Institutional Separations" in SCDC facilities where the plaintiff has acted as an informant for SCDC Internal

Affairs and SCDC Contraband Staffs; (3) "SCDC Institutional Separations" against the McCormick Correctional Institution, the Lee Correctional Institution, the Evans Correctional Institution, the Perry Correctional Institution, and the Broad River Correctional Institution; (4) placement of the plaintiff in "statewide" protective custody at the Kirkland Correctional Institution or at a Level 2 facility; (5) an order directing the defendants to provide to the plaintiff copies of all disciplinary hearing transcripts from October 1, 1997, to September of 2005, "'to sustain due-process afforded in respondents [sic] altering Plaintiff's max out date" from April 15, 2004 to February of 2008; (6) "Reimbursement" of all good time credits from 1997 through 2005 if the records cannot be found; (7) a conference between the plaintiff and officials of the FBI and IRS to discuss inmate tax frauds and the sale or distribution of crack cocaine, marijuana, heroin, powder cocaine, cell-phones, DVD players, and child pornography at the McCormick Correctional Institution, the Lee Correctional Institution, the Evans Correctional Institution, "SCDC Prisons," the Perry Correctional Institution, the Kershaw Correctional Institution, and the Broad River Correctional Institution; (8) an order of protection and relief because the plaintiff's life is in danger; (9) "Reimbursement" of all good time credits from 1997 through 2005; (10) "Reimbursement" for the plaintiff's

personal property destroyed on August 20, 2005; (11) other relief "deemed necessary" by this court; (12) nominal damages of $53,000.00, punitive damages of $53,000.00, and compensatory damages of $53,000.00; (13) an order directing the defendants to pay the costs of this action; and (14) a jury trial.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948

(4th Cir. 1979).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The plaintiff is "struck out" under the "three strikes" provision of the Prison Litigation Reform Act. *See* Section 804(g) of the Prison Litigation

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Reform Act, which has been codified as 28 U.S.C. § 1915(g). "Strikes" were initially entered in two (2) cases filed by the plaintiff in the District of South Carolina. Those two (2) initial cases were: Jones v. South Carolina Department of Corrections, Civil Action No. 3:02-1958-24BC ("strike" entered on July 26, 2002); and Jones v. Laurie Bessinger, Civil Action No. 3:02-2669-24BC ("strike" entered on September 25, 2002). In fact, the plaintiff would have had even more "strikes" but for the fact that he filed motions for voluntary dismissals *without prejudice* in five (5) other civil actions where the undersigned had recommended "strikes."

Although the plaintiff, for several years, was able to avoid his "third strike" in the District of South Carolina by filing motions for voluntary dismissals, the plaintiff received his third and fourth "strikes" by filing a frivolous action in the United States District Court for the Southern District of Texas and a subsequent frivolous appeal. *See* M. Rodney Jones v. Windsor Frozen Food Company, Inc., 79 Fed.Appx. 633, 2003 U.S.App. LEXIS® 21517, 2003 WESTLAW® 22417174 (5th Cir., October 22, 2003)("The district court's dismissal of the present case and this court's dismissal of the appeal count as two strikes against Jones for purposes of 28 U.S.C. § 1915(g)."). The plaintiff's third "District of South Carolina" strike was entered by the

Honorable Margaret B. Seymour, United States District Judge, in her Order (Entry No. 4) filed in M. Rodney Jones v. South Carolina Department of Corrections, *et al.*, Civil Action No. 3:04-2325-24BC, on August 18, 2004.

It can be judicially noticed that the plaintiff filed a similar "life in danger" case in September of 2005. *See* Complaint (Entry No. 1) in Jones v. Mark Sanford, *et al.*, Civil Action No. 3:05-2664-MBS-JRM. Moreover, unlike the above-captioned case, the plaintiff in Civil Action No. 3:05-2664-MBS-JRM has alleged that certain defendants have assaulted him and threatened to kill him.

This court may take judicial notice of Civil Action No. 3:05-2664-MBS-JRM. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.");

and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992). In an order filed in Civil Action No. 3:05-2664-MBS-JRM on September 26, 2005, the undersigned directed the plaintiff to submit the items needed to render the case into "proper form."

The above-captioned case is subject to summary dismissal because it is duplicative to the complaint filed in Civil Action No. 3:05-2664-MBS-JRM. *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

In light of the fact that the plaintiff is "struck out" under the Prison Litigation Reform Act, it is also recommended that the plaintiff be limited to one (1) pending "life in danger" case[2] at a time in the District of South

[2]A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice. Sufficient factual allegations must be set forth to reach this threshold. *See* Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

Carolina.[3] *See* In Re Burnley, 988 F.2d 1, 2-3 & nn. 1-3, 1992 U.S.App. LEXIS® 33359 (4th Cir. 1992), which was released for publication on March 4, 1993; and Flint v. Haynes, 651 F.2d 970, 972-974 & nn. 5-14 (4th Cir. 1981), *cert. denied*, 454 U.S. 1151 (1982), which cites Graham v. Riddle, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). If this recommendation is accepted by the District Court, the plaintiff will have a full opportunity to litigate his "life in danger" claims in Civil Action No. 3:05-2664-MBS-JRM, if he brings the case into "proper form."

# ***Recommendation***

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at

[3] At least one other "struck out" prisoner in the South Carolina Department of Corrections has been limited to one pending "life in danger" case. In Theron Johnny Maxton v. Samuel Duckette, *et al.*, Civil Action No. 0:01-3532-18BD, the Honorable David C. Norton, United States District Judge, limited a "struck out" prisoner to one (1) pending "life in danger" case at a time in the District of South Carolina. *See* Judge Norton's Order (Entry No. 18) of October 17, 2001, in Civil Action No. 0:01-3532-18BD. At that time, Mr. Maxton was already limited to one pending medical or dental case and one pending sexual abuse case.

74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. It is also recommended that the plaintiff be limited to one (1) pending "life in danger" case at a time in the United States District Court for the District of South Carolina. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 3, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**