IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| M. Rodney Jones, | ) | C/A No. 3:05-2743-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER and OPINION |
| | ) | |
| Jon Ozmint, Director of SCDC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. **Introduction**

Plaintiff M. Rodney Jones, appearing *pro se*, is an inmate at the McCormick Correctional Institution in McCormick, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights and alleging that his life is in "immediate danger."[1] Plaintiff seeks a variety of relief ranging from monetary damages to reimbursement of "good time credits." Complaint, 9-10.

---

[1] Plaintiff is not permitted to file § 1983 complaints *pro se* without obligation to pre-pay filing costs because he has accrued "three strikes" under the Prison Litigation Reform Act. See 28 U.S.C. § 1915 (g) ( "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."). Plaintiff invokes the lone exception to the "three strikes" rule in order to proceed in this action without cost by alleging that he is "under imminent danger of serious physical injury." Id.

## II. Law/Discussion

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on October 3, 2005, filed a Report and Recommendation in which he recommended that the complaint be dismissed without prejudice. Plaintiff filed objections to the Report and Recommendation ("Objections") on October 12, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his Report and Recommendations, the Magistrate Judge explained that Plaintiff concurrently filed two nearly identical suits in the District of South Carolina. Report and Recommendations, 7. The Magistrate Judge concluded that the instant case is subject to summary dismissal because it is "duplicative to the complaint filed in Civil Action No. 3:05-2664-MBS-JRM." Id. at 8. The Magistrate Judge also recommends that Plaintiff be limited to "one pending

2

'life in danger' case at a time in the District of South Carolina." Id. at 9.

In his objections, Plaintiff states that he did not intend to file the instant action as a claim separate from Civil Action "3:05-2664."[2] Objections, 1. Plaintiff contends that the cause of action now before the court was supposed to serve as an amended complaint for the separate cause of action captioned "3:05-2664" that was filed previously in the District of South Carolina. Id. Plaintiff asks that the instant action be treated as an amended complaint, Id. at 2-3, and raises no specific objections to the findings in the Magistrate Judge's Report and Recommendation.

After careful review, the court declines Plaintiff's request to treat his complaint in the underlying matter as an amended complaint in his separate action. Contrary to Plaintiff's assertion, the court finds no indication that Plaintiff intended the complaint in the instant action to serve as an amended complaint in his separate action captioned "3:05-2664." There is no mention of a separate action captioned "3:05-2664" in the complaint filed in the instant action. While the court notes that Plaintiff did file additional "exhibits" on September 30, 2005 and captioned them "Exhibits to be Amended to 42 USC § 1983 Imminent Danger Complaint," there is no indication that these amendments were intended to be filed in a separate case or that the clerk's office improperly filed Plaintiff's complaint. If Plaintiff wishes to amend the complaint captioned "3:05-2664," he should do so in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of South Carolina.

As noted, the court need not engage in *de novo* review of the Magistrate Judge's Report and

---

[2] Plaintiff states in his objections that "once he received a notice of filing complaint for 'Imminent Danger' under 42 U.S.C. § 1983 Plaintiff refiled the above causes of action [3:05-2743] intending to place as (he did) C/A No-305-2664-JRM-MBS Amended Complaint on such judicial document." Objections, 1 (errors in original).

3

Recommendation as Plaintiff does not lead the court to specific errors in the Magistrate Judge's Report and Recommendation and makes only a general objection to the handling of his case. <u>Orpiano</u>, 687 F.2d at 47-48. Though not obligated to review portions of the Report and Recommendation to which objections have not been filed, the court has nonetheless thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct. The court agrees with the Magistrate Judge that Plaintiff appears to be filing excessive complaints, Report and Recommendation, 8-9, however the court declines at this time to order that Plaintiff is limited to one "life in danger" case at a time in the District of South Carolina. Plaintiff is reminded that future filings will be dismissed if Plaintiff fails to present a legitimate factual argument that he is "under imminent danger of serious physical injury." <u>See</u> 28 U.S.C. § 1915 (g).

### III.  <u>Conclusion</u>

The court has reviewed the record and adopts the Report and Recommendation of the Magistrate Judge in part. Plaintiff's complaint is **dismissed** without prejudice and without issuance and service of process. The court declines, at this time, to limit Plaintiff to one "life in danger" complaint at a time in the District of South Carolina.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

November 10, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to the Federal Rules of Appellate Procedure.**